# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DEMARIO WALKER, #L1625**                                                           **PETITIONER**

V.                                                           **CIVIL ACTION NO. 2:12-CV-92-KS-MTP**

**JAMES HOLMAN, et al.**                                                           **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Respondents' Motion to Dismiss [26]. Petitioner's habeas petition is **dismissed without prejudice**.

*A.    Background*

Petitioner has been in and out of Mississippi's correction system since 2002. The record does not contain a precise chronology of Petitioner's various entries and exits from the system, or of the various charges and indictments leveled against him across the state. All that matters for the present motion, however, is that he was released on parole on March 5, 2012 [30-6], and that his parole was revoked on June 13, 2012 [26-2]. During the time between the release and revocation, he was indicted in Hinds County for three felony counts of passing bad checks [26-3], and charged with false pretense in the Justice Court of Jefferson Davis County [35-1]. The parole revocation stems from the Jefferson Davis County false pretense charges. He was later indicted on those same charges [45-1] in the Circuit Court of Jefferson Davis County.

Petitioner is currently housed in Central Mississippi Correctional Facility. He challenges the revocation of his parole, asserting multiple grounds for relief.

Respondent filed a Motion to Dismiss [26] arguing that Petitioner failed to exhaust his remedies in state court. The motion is ripe.

### B.   § 2254's Requirements

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Section 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The statute also provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To satisfy the exhaustion requirement, Petitioner must fairly present his claims to the state's highest court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). A habeas petition will generally be dismissed if the petitioner has not exhausted his claims in state court. *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). The Mississippi Uniform Post-Conviction Collateral Relief Act provides a method for an

2

inmate to challenge his incarceration on a claim that his parole was "unlawfully revoked," or that "he is otherwise unlawfully held in custody." MISS. CODE ANN. § 99-39-5(1)(h); *see, e.g., Walker v. State*, 35 So. 3d 555 (Miss. Ct. App. 2010) (addressing PCR motion challenging revocation of parole).

### C.   *§ 2254's Exceptions*

It is undisputed that Petitioner has not exhausted his state remedies. Therefore, his federal habeas petition is barred unless he can meet one of Section 2254(b)(1)(B)'s two exceptions. The first exception provides that exhaustion is not required where "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i). The Mississippi Uniform Post-Conviction Collateral Relief Act provides a method for an inmate to challenge the revocation of his parole. MISS. CODE ANN. § 99-39-5(1)(h). The first exception, therefore, does not apply.

The second exception applies when the state corrective process is ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii).   It only applies "in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). "[A] federal habeas petitioner will be excused from the exhaustion requirement if the state unreasonably delays acting on his efforts to invoke state remedies." *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978). Petitioners seeking relief from the exhaustion requirements must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Murray v. Quarterman*, 243 F. App'x 51, 55

3

(5th Cir. 2007). To prove cause, a petitioner "must establish that some external force impeded the defense's efforts to comply with the procedural rule." *Id*. To show a miscarriage of justice, he must "supplement his constitutional claim with a colorable showing of factual innocence, i.e., a fair probability that, in light of all the evidence, . . . the trier of the facts would have entertained a reasonable doubt of his guilt." *Id*.

Petitioner claims that the Circuit Courts of Marion and Wilkinson Counties have impeded his ability to comply with the exhaustion requirement by refusing to file his PCR motions. He offered his MDOC outgoing mail log as evidence. It contains the names of correspondents, the address to which documents were sent, the date sent, and the "document type" – a category containing descriptions such as "complaint," "ch of add," or "mot/quash/f&s." But these descriptions are insufficient to show the substantive content of Plaintiff's correspondence. There is nothing in the log which shows Petitioner fairly presented the substance of his claims to the Circuit Courts of Marion and Wilkinson Counties. In any case, the Mississippi Supreme Court has indicated that an inmate who wishes to attack the revocation of his parole should file a motion in the Circuit Court of the county in which he is housed, rather than in the county where he was convicted. *Ragland v. State*, 586 So. 2d 170, 173 (Miss. 1991). It is undisputed that Petitioner has not sought, received, or been denied relief by the Circuit Court of Rankin County – the county in which he is currently housed.

Petitioner also claims that he is innocent of the parole violation which prompted the revocation. He provided a letter from the Circuit Clerk of Jefferson Davis County which states that he had no pending charges there on September 11, 2012. However,

it is undisputed that he was charged [35-1] in the Justice Court of Jefferson Davis County prior to the revocation, in March 2012. In December 2012 he was indicted [46-1] in the Circuit Court of Jefferson Davis County on the same charges. It would not be uncommon for the Circuit Clerk to be unaware of charges pending in the Justice Court. Indeed, the file would not become public or proceed to the Circuit Court until an indictment was issued, after the grand jury's review.[1] In summary, the Circuit Clerk's disavowal of any pending Circuit Court charges in September 2012 is not evidence of Petitioner's innocence. Indeed, Petitioner does not deny that he was arraigned on false pretense charges in Jefferson Davis County prior to the revocation. Accordingly, the Court finds that he failed to satisfy the "factual innocence" element cited above.

For all the reasons cited above, the Court finds that Petitioner is not entitled to an exception from Section 2254(b)'s exhaustion requirement. It is undisputed that he failed to exhaust his state court avenues of relief. Accordingly, this case should be dismissed. *See Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 844 (5th Cir. 2009) (affirming district court's dismissal of habeas petition arising from parole revocation for failure to exhaust state remedies).

**D.     *Stay/Abeyance***

The Court may hold Petitioner's petition in abeyance while he pursues the state court remedies, but a "stay and abeyance should be available only in limited

---

[1]The undersigned judge – having been a Circuit Court Judge in Pike County for many years prior to becoming a United States District Judge – is familiar with the procedures surrounding criminal proceedings in Mississippi's trial courts.

circumstances." *Rhines v. Weber*, 544 U.S. 269, 274-77, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court and where his unexhausted claims are not plainly meritless." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007). Petitioner has not shown good cause for his failure to exhaust state court remedies, and his claims are plainly meritless insofar as he admits that he was charged with false pretense in Jefferson Davis County prior to revocation. A stay, therefore, would be inappropriate.

### *E.  Conclusion*

For all the reasons stated above, the Court **grants** Respondents' Motion to Dismiss [26]. Petitioner's habeas petition is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this 5th day of August, 2013.

                                                       *s/ Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE